Good morning, may it please the court, Jonathan Libby appearing on behalf of his appellant Louis Vadino. I intend to reserve about three minutes for rebuttal. All right, watch your time, counsel. Will do. Your honors, we've read multiple trial and sentencing issues, but given our limited time this morning, unless the panel has any objection, I intend to focus on the Speed Trial Act violation and on the erroneous jury instruction for the tax fleet touch on our sentencing argument with respect to the Rule 32 violation for failing to verify that Mr. Vadino had read it. So first turning to the Speedy Trial Act issue, all of Mr. Vadino's convictions must be reversed and the indictment dismissed because the more than seven months delay, the more than seven month continuance of the trial date over Mr. Vadino's trial acts. What's my standard of review in this issue? The standard of review, your honor? So yeah, the standard of review as on legal matters is de novo and with respect to findings. Didn't you ask for an end of justice exception? So it was the co-defendant counsel and the government that asked for an end of justice continuance, Mr. Vadino. And you're fighting that, right? Correct, your honor. And isn't when there's a finding of an end of justice exception, don't I reverse that only for clear error? Yes, as I was saying, the factual, the findings are reviewed for clear error. All right, I just wanted to make sure. So you based your argument really on U.S. v. Lloyd, don't you? Lloyd is certainly one of the cases. Lewis is another case. I mean, there's certainly other cases. Well, let's go to Lloyd, for instance. Sure. In Lloyd, the district court, we said the district court erred in granting the end of justice continuance because it based its decision solely on an affidavit that contained unverified claims and was woefully inadequate in providing competent and specific factual circumstances upon which the end of justice can be justified. But don't those facts distinguish Lloyd from this case? Well, your honor, certainly the ultimate stipulation that had been entered into did not include these type of continuance stipulations. But that still did not excuse the court from having to inquire either before the stipulation was filed or after the stipulation filed to determine whether all of the things that were raised were actually correct. And in fact, the length of the continuation was actually needed. Now, much of the discussion here took place at status conferences prior to the stipulation. The stipulation was simply drafted after the court had already granted the continuance. Well, but I think maybe you misunderstood my question. My question really, in looking at Lloyd, it seemed to me that in Lloyd, they had an affidavit and it contained unverified claims and they was woefully inadequate in providing competent and Well, here we have the district court relying on competent and specific factual findings, as I understand it. Well, your honor, we submit that that's not true. Why? Okay, so when you go through and much again, much of what took place here took place at the hearing. I understand. Okay, so at the end of justice, for an end of justice continuance, of course, it has to be reviewed for reasonableness as well. They have to determine whether the various parties actually want and need the continuance, how long a delay is actually required here. And when you look at the entire discussion and this starts page 310 of the record, which was the February 25th conference, co-counsel or co-defendants counsel first indicated that she'd be looking for a June or an August date. So she indicated the June date was fine. She then said that, you know, she has homicide cases coming up April, May, June, but she'd said she'd be looking for a June date. The court somewhat flippantly said the bidding comes to you, Mr. Sagal, the AUSA. And the government said, you know, March or April are great. It said June or July are fine with him, but we said July, his co-counsel would kill him. But so at that point, both the government and co-defendants counsel had said June works, yet discussions then continued. The court on its own said, well, he wasn't available in August because his daughter was having twins. The government said, well, September, I'm not available, didn't elaborate as to why. And then the court said, what about October? So all of a sudden we jumped from counsel are available to proceed in June. And yet the court has suggested October. No discussion is whether the length of this continuance is actually needed by the parties. It's just dates are being thrown out. Mr. Vedino was kind of sitting at the side, having already objected to any continuance and no one's paying any attention. No one's giving any consideration to Mr. Vedino on the fact that he didn't want a continuance whatsoever. So you want to, do you want to add more to this or do you want to go to another issue? Oh, well, your honor. So just to finish, I mean, I think I have your argument, but I think it was in the briefs as well. So I'm trying to, there is another issue, which I worry about. And that is you, I, as I understand it, you say that the judge aired in the law loud Hawk balancing test as it relates to the abuse, as it relates to the instruction concerning the destruction of evidence. Oh, we did discuss that. Your honor. I wasn't planning to address that. You don't want it to address that. I mean, I can't, I thought that that, that, that was laid out perfectly fine in the briefs. Well, all I was going to say, do you think the judge would have given the same remedial instruction that he applied loud Hawk? Well, I think the, the, the problem with this for me, I mean, the problem with those that I have here is that even if they didn't apply loud Hawk, the next thing is harmless error review. So what I'm trying to get you to concentrate on seems to me, the judge would have given the same remedial instruction based on what he went through, even if he'd applied light loud Hawk. So why is there error? Well, the error we believe is that the, well, you can get to the air, the abuse of discretion that he didn't do loud Hawk, but then the next is harmless. Is it harmless? And I'm trying to say, you know, the judge would have given the same instruction if he'd applied loud Hawk. Why is there error? Well, I guess it's not harmless there. Well, I guess it comes down to because the instruction, because it's still, it wouldn't be enough essentially. Just a minute. If he'd be given the same instruction, even if he'd have gone through the loud Hawk test, why is there more than harmless there? Well, your honor, our position simply is that the instruction did not adequately convey that the government had destroyed this evidence and that the jury had the right to essentially, you know, but you're not focusing on my question. My question is not what the instruction said. My question is he didn't go through the loud Hawk analysis, but he did go through an analysis to come up with the instruction he did and looking at the analysis he went through to come up with that instruction. It doesn't seem to me to come up with any different instruction. So it seems to me harmless error. And I suppose your honor, if that's the premise, then it might be. We disagree with the premise, obviously. How do I look at it then? If I say you're right on the abuse of discretion, how do I look at it as to figure out whether it's harmless error or not? Seems to me what I do is I say, okay, he didn't do that. He didn't go through the analysis he should have, but the analysis he went through, given what he did, it doesn't seem to me to come out any different way. How is my thought process wrong? Well, because again, we believe it should have come out a different way. I guess is what it comes down to that. Oh, I see. Just that he should have come out, but that's discretionary, isn't it? Well, yes, obviously, as with most things, it's discretionary. The question is whether it was an abuse of the discretion, and that's what we believe it comes down to. We believe it was an abuse of discretionary. Okay. And if I could turn to the jury instruction with respect to the elements of the tax evasion counts. Here, the government crafted its own instruction that the court gave, and the court did not give the model of Ninth Circuit instruction that the defense had asked for. And in doing so, it essentially eliminated the tax efficiency requirements, the main element of the offense. Well, what is my standard of review on that? Well, whether the instruction correctly stated... Well, isn't it abuse of discretion? Isn't it abuse of discretion as to the precise formulation of the instruction? The precise formulation of the instruction, yes, assuming that it adequately states the legal... Fairly and adequately covers the elements of the offense, right? That's correct. So assuming it does, our position is it does not. I understand your position. All right. So here, the government agrees with our position that there has to be a tax deficiency, tax due and owing, both parties agree that's what it was, but that's not the instruction that was unpaid tax. And any of those things would be fine, but that's not what the instruction here said. It simply said that defendant owed federal income tax. It didn't say that there was any tax that was due. Everybody owes tax that has a job. That's not the issue. The issue is whether there was a tax due and owing. That's what distinguishes the felony from the misdemeanor, which is in our reply brief, we put the instruction side by side, and we can look at the actual instructions. The felony instruction is on 79 of the record, and the misdemeanor is on 81 of the record. It's identical. The first element is the defendant owed federal income tax for county year 1999. It was identical for both the felony and for the misdemeanor. That was incorrect. Counsel, do you want to save any time for rebuttal? I do, Your Honor. Thank you. Thank you. We'll hear from the government. We have Mr. Ahn on the phone. Yes, Your Honor. Thank you very much. It may have pleased the court, Daniel Ahn for the United States. I'd like to begin with the speedy trial issue, and I think I agree with my friend to this extent. The issue now reduces to whether the district court's finding of an ends of justice and also that the continuance was reasonable amounts to clear error, and the answer to that question is clearly no. The record here is replete with facts manifesting reasonableness, and under clear error review, that's sufficient, and defendant's arguments and reply fall under the weight of that highly deferential standard of review. I'm happy to go further into the questions, but if not, I'll move on to the tax deficiency instruction. Well, let me talk to you about the Speedy Trial Act just a bit. Yes, Your Honor. As counsel has argued before us just a minute ago, and he came forward to say about how the district court came to that, it seemed then, based on his argument, that the trial date was extended until the end of October because of Ness's counsel, the government's counsel, and the district court judge all had conflicts in April and October. Now, was the district court required to make an appropriate inquiry into whether these conflicts could be resolved to accommodate the earlier date for the defendant? Well, he is required to make an adequate inquiry. Under this court's case in McCarns, that adequate inquiry can be satisfied with the filing of a joint stipulation by a co-defendant in the government, and that's what happened here. What are you going to do with counsel's argument that everybody could have done something in June and everybody skipped June and went right to October? Well, I dispute that telling of the facts, and beyond that, I think that ignores the controlling test, which is found in this court's decision in Gallardo. In Gallardo, this court said that convenience matters when the district court grants a continuance on its own motion or in direct response to its own calendar needs, and neither of those things happened here, Your Honor. The court didn't grant the continuance because of its calendar needs or in direct response to them. In fact, co-defendant Ness and the government filed a stipulation in which the co-defendant said, I need until October, and if the court were to go through the two hearings in which continuance was discussed, it's not entirely accurate to say that the co-defendant was ready to go in June. In fact, the co-defendant said the earliest I could go to trial is June and perhaps September. That was the first hearing. At the second hearing, the co-defendant's lawyer said actually October 5th, and then she eventually filed a stipulation with the government that said October 27th. So it's not entirely accurate, I think, my friend's telling you on the record. All right, thank you. Move to your next issue then. I'll move to the tax evasion instruction just very quickly, and the argument here proceeds in two steps. First, I think the Supreme Court's decision in Kawashima, this court's case in Mall, and the all make clear that the Ninth Circuit pattern instruction is not required in this evasion of payment case. And number two, as defendant now acknowledges, materially identical formulations of the tax deficiency element have been upheld by this court and other courts. So I think what this then boils down to is a formulation issue. As Judge Smith, as you noted, that's reviewed for an abuse of discretion. And certainly the court's formulation of the instruction cannot be called illogical, implausible, or without support and inferences from the record as a whole. Could we move to the instruction concerning the error did not applying the loud hawk test in determining whether to give a remedial instruction concerning the destruction of evidence? Does the record before us support a finding that it is more probable than not that this error did not materially affect the verdict? Absolutely. The error is certainly harmless in light of the overwhelming evidence of guilt and the minimal prejudice to the defendant. Are you suggesting then that there would be no real difference between an instruction which said nothing about giving the defendant the benefit of the doubt as to that evidence, but just said, decide for yourself what to do about it. You're saying there's no benefit in that? I think any daylight between those two instructions amounts to just minimal prejudice. Because if you look at the instruction that the court gave... Well, but just a minute, just a minute. If in fact, we take the FBI disposed of potentially relevant evidence, whether this is important to you in reaching a verdict is for you to decide and compare that to the government's failed to prevent the evidence, prevent the destruction of the evidence for the defendant's use in this case, after an added duty to do so. And this is the important phrase, you may assume that the destroyed evidence was favorable to the defendant. And you're saying there's no difference between those two instructions? No, your honor, I can see there's a difference. But my point was a bit different, which is any difference between those two instructions doesn't amount to the kind of prejudice needed to show error in this case. What's your best case for that? What's your best case for that? Because in general, the instructions that a judge gives makes a tremendous difference to what the jury does in cases that have considered those particular issues. Your honor, I the points well taken, but I do want to and I'm sorry, but I don't have a case immediately at hand. But I do want to make two threshold arguments. And I think that I think resolves this issue without even having to reach that issue. The first is that as an initial matter, I think plain error applies, not an abuse of discretion. And I say that because after the Well, if I say, but just a minute, if we're talking about plain error, we've already determined he erred and not applying the loud hawk test. No, that's my second point, your honor, which is the court looked at factors that directly parallel the loud hawk test. So for example, the court looked at the government's intent to negligence, again, page 25 of the record. It looked at whether the prosecuting arm was involved, page 1306 of the record. It looked at the centrality of the documents to the defense, pages 26, 30, and 35 of the record. It looked at whether defendant was able to argue the issue in 1311 and 1312 of the record. So I think it's fair. So you're suggesting there's a harmless error because the court would have come out the same way based on what it did, even though it didn't apply loud hawk? Is that what you're suggesting? Precisely, your honor. Okay, I want to change to a different subject then because I think I got your idea. The defendant argues that during sentencing, the district court should take into account an alleged carryback deduction in calculating the tax loss under section 2T1.1. Now, application note 3 lists certain criteria that must be met before a district court can take into account an unclaimed deduction. Where in the record does it reflect that the district court considered whether the defendant's alleged carryback deduction met the criteria? So, your honor, I think the point in the record where the court considered that is when it said it was consulting its recollection and notes of trial and decided not to go with defendant's number. Now, come on, that doesn't give any calculation. Well, your honor, I think that's a good point. Based on my memory and my notes of trial, that is enough to say they make a calculation? Well, I think that's a good point. And then the explanation for the calculation is missing. If this is the explanation, maybe, but it's certainly not a calculation. Well, this court can certainly look at the record to see whether the loss amount was independently supported. And your honor, if I may, I want to present respectfully just the simplest and narrowest path to resolve this tax loss issue. It's reviewed under clear air. And what I would suggest is that the court can determine that factually, defendant failed to carry his burden to show the probable accuracy of his deduction. And the argument could be great if the district court had ever said anything about that. Well, my worry is, my worry is looking at application note three. Then if you look right at it, I think the district court has to make a calculation. The deduction must have been able to be claimed at the time the tax offense was committed. And as I understand it, the government has always argued in its briefing that the tax offense committed between 2006 and 2011. The carryback deduction was in the form 1045 in December of 2007. Therefore, I'm trying to figure out why the district court didn't consider it and make a calculation. Well, your honor, I think there's an antecedent issue, which is it's defendant's burden to show that the carryback is a proper reduction. And in this case, he failed to carry the burden to show it's probable. Well, frankly, I think in this case, we're talking about procedural error. And we're talking about how the district court is supposed to apply 2T1.1. And not about what the burden is, it's the application thereof. And you can't tell he applied it because we don't know what his calculation was. And there's no question that if this loss is applicable, that the guideline offense is going to be reduced by 10 points or more. Well, your honor, he only has to calculate it if defendant under 2T1.1, which was before the district court, has carried his burden. And the record was so replete with information showing that the carryback was defunct that he didn't. And if I may just walk the court through that. So what is this net operating loss carryback? Well, what it is, is he's claiming that it is a loss because he paid out money to investor victims following a lawsuit that they commenced against him. And he paid those victims in 2003. And he's trying to carry back that loss to reduce taxes for 1999. But the premise here, your honor, is that in order to take advantage of this kind of any kind of unclaimed deduction, it has to be legitimate. And the guidelines and their amendments make that clear. But just a minute, but just a minute, but just a minute, just a minute. Did he not file the appropriate form for that deduction? Well, he filed a form, but your honor, what do you do with it? And therefore, and therefore, he has pled that he has the deduction. And after having pled that he has the deduction, seems to me if the district court is going to follow 2T1.1, he should have said, I calculate this and this is the reason I am not going to do it. And he might say exactly what you're going to say. But the fact that he didn't even think about it or talk about it seems to be procedural error. But the mere filing of a form, your honor, doesn't show the probable accuracy of what he's claiming they're in. And there's simply no evidence in the record that defendant was entitled to retroactively change his accounting method five years after the fact from cash to accrual. Yes, your honor. Was this argument made by the defendant, the argument that the court failed to calculate the amount? Not that precise argument, no, your honor. That wasn't. Yeah, it appears to me that there was a question about whether or not the tax loss of $62,000 should be the amount of loss as opposed to an argument about how the court calculated it But if you have a procedural on appeal, what is my standard of review then? I guess that's the question. Well, this particular reduction would be reviewed for a clear error because Now, just a minute. The application of it may be, but the fact that you do the calculation itself, that's de novo review because it's procedural error. Is it de novo review if it wasn't raised by the defendant? No, absolutely not, your honor. So that would then be plain error because the precise issue here was not raised. And your honor, I would just end by pointing to page 1528 of the record, which shows that defendant in trying to benefit from this carryback was seeking to retroactively change his accounting method five years after the fact. He hasn't shown that that's probably accurate. And so he failed to carry his burden. And the deduction that he was seeking was based on these frauding individuals, which simply is not a legitimate or bona fide carryback. And that's at pages 862 and 899 of the record. And without your honors, I thank you for your time and the government would urge affirmance of the conviction and sentence. Thank you. Thank you. Rebuttal. We can't hear you, Mr. Bibby. Sorry, I was trying to unmute. Can you hear me now, your honor? Yes. Thank you. Your honor, a few points in response. On the speed of trial act issue, the prudent thing here would have been, of course, to grant the minimal continuance necessary. This court has made very clear that end of justice continuances are to be granted sparingly only when necessary and not as a matter of course. We submit that's essentially what happened here. And as far as the court's congestion, while the stipulation that was it's not because congestion of the court's calendar on page 315 of the record, the court does discuss how its calendar is very busy just before the court on its own said, what about October? So while the government and codefendants council did not include any of that in its stipulation, the record still would suggest that it may have been based in part on congestion of the court's calendar. Certainly, it doesn't excuse the fact that the June date, which could have been and should have been the initial continuance granted, and then the parties could have come back and said, okay, we don't need additional continuance. Could you address the last colloquy that Judge Smith had with your adversary regarding the tax loss determination? So, Your Honor, the government seems to suggest that the carry back loss argument had not been presented below. I mean, I didn't make this up in the appeal out of whole cloth. This was all presented at sentencing by defense counsel. Also, did you object specifically to the calculation that the court had not made a calculation? Did you raise that point? You're at the actual sentencing hearing after the court failed to address the defendant's objections. Did you raise the specific argument that the court failed to articulate its calculation? No, Your Honor, that specific that the court failed to articulate its rejection of defendant's no, we didn't make that additional colloquy between Judge Smith and Mr. On was procedural how the court went about determining the tax loss. So did you make that specific objection to the court? No, I mean, you're asking just us as a procedural objection. Did the court comply with the procedural requirements and the and the defendant make an objection to that at that? And so and so at that point, we have clear and then we have what kind of review? Well, Your Honor, I think there seems to be some tension in the case law, but there's certainly some suggestion that it might be plain error. But we believe that that would be met here that the fact is the court, in fact, did not explain at all its tax loss determination, even though the defendant had very extensively argued that counsel, what case do you have that supports the proposition that is plain error? If the court does not explain its calculation, what case is that? Your Honor, I don't have that case in front of me. The government may in fact have cited that case. I can certainly look that up for the court. Well, don't don't do it for me. It's an important if it's an important issue, it would seem to me that you would have a case. Well, clear is not it's not a helpful standard for us. So it's not a standard that we've advocated. Your Honor, it would be. No, you were saying that it's plain error. And I'm asking you, do you have a case that says it's plain error if the court neglects to adequately explain this tax loss calculation? Oh, you're not asking what whether the standard is plain error, you're asking whether there's a case. Right. I'm sorry. It is plain error if the court fails to adequately articulate its calculation. Do you have a case that says that constitutes plain error? I mean, not one that I can point to off the top of my head at this point, Your Honor. Does an application note three to 2T1.1 say that the court should account for any unclaimed credit deduction or exemption that isn't needed to ensure a reasonable estimate of the tax loss? I'm not. That's a flat out direction to the court as to what to do. And if he fails to do it, isn't that plain error? Well, it's a should it should not must. So. It's not a mandate if it should. Well, I guess if you don't do it, then it's error. If you do it, if you don't do it, then and if nobody objects to it, then is a plain error. And then is it plain error if it is a plain error review? Those are the three questions. That's right. And if it's plain error, which is the worst standard for us, we believe that that's because it is an error. It's an obvious error and it prejudices the defendant, and that certainly would be enough to establish. All right, thank you for your time. Thank you to both counsel for your helpful arguments. The case was argued and submitted for a decision by the court. The next case on calendar for argument is United States v. Tompkins.
judges: Rawlinson, N.R. Smith, Korman